IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID DWAYNE GATES, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:21-CV-500-WKW-KFP |
| ERIN MORRIS, et al., | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 3, 2022, the Court ordered Plaintiff to provide the Clerk with correct service addresses for Defendants. Doc. 15. Plaintiff's copy of that Order was returned to the Court as undeliverable. The Court then ordered Plaintiff to update his address and show cause why this case should not be dismissed for failure to prosecute. Doc. 16. Plaintiff's copies of that Order—one sent by regular mail and one by certified mail—were returned as undeliverable. However, on July 13, 2022, Plaintiff filed a response to the show cause order and provided an updated address. *See* Doc. 17. Accordingly, the Court extended Plaintiff's deadline to provide service address for Defendants to August 5, 2022. Doc. 18. Plaintiff's copy of that Order was returned as undeliverable.

Nonetheless, on August 11 Plaintiff provided an updated service address for Defendant Morris (Doc. 19) and on August 18 he filed an updated address for the Department of Human Resources, the other defendant in this case (Doc. 20). Alias summonses were issued for both Defendants. Docs. 21 and 22. On November 29, the summons sent to Defendant Morris was returned unexecuted. Doc. 22.

On January 6, 2023, the Court ordered Plaintiff to show cause by January 20, 2023, why this case should not be dismissed for failure to prosecute and failure to perfect service within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. Doc. 23. On January 17, Plaintiff's copy of that Order was returned as undeliverable, and Plaintiff failed to file a response to the Court's Order by the January 20 deadline.

This case was filed in July 2021, and the stay on service was lifted almost one year ago on February 25, 2022. *See* Docs. 1, 10. The Court cannot continue to monitor this case to ensure Plaintiff has a correct address on file and that service has been perfected. That is Plaintiff's responsibility. Because of Plaintiff's failure to update his address in a timely manner, perfect service, comply with court orders, and otherwise prosecute this case, the undersigned concludes that this case should be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, the Magistrate Judge RECOMMENDS that this case be dismissed without prejudice.

Further, it is ORDERED that by **February 9, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 26th day of January, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE